UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

Nº 12-CV-2219 (JFB)
_____

WILLIAM THORNTON,

Petitioner,

VERSUS

MARK BRADT, ACTING SUPERINTENDENT,

Respondent.

_____

**MEMORANDUM AND ORDER**
June 25, 2013
_____

Joseph F. Bianco, District Judge:

William Thornton (hereinafter "Thornton" or "petitioner") petitions this Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, to vacate his conviction for one count of murder in the second degree. Thornton challenges his conviction on the following grounds: (1) trial counsel's failure to conduct his own independent investigation into the facts and circumstances of petitioner's case rendered counsel ineffective; and (2) petitioner's guilty plea was not knowingly, intelligently and voluntarily entered since his plea was induced by coercion. Bradt (hereinafter "respondent") moves to dismiss the petition as untimely.

For the reasons set forth below, respondent's motion to dismiss is granted and the petition is dismissed. Specifically, the conviction under attack became final on January 16, 2009. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petition must be filed no later than one year following the date a conviction becomes final. As the present petition was filed on May 4, 2012, over twenty-seven months after the one-year period expired, it is untimely. Moreover, there is no basis for equitable tolling. Accordingly, the petition is dismissed as time-barred.[1]

---

[1] Respondent also argues that the claims are procedurally default and meritless. However, these issues are moot in light of the Court's ruling that the petition is time-barred and, thus, the Court does not address them.

## I. BACKGROUND

On November 12, 2008, petitioner pled guilty to one count of murder in the second degree, N.Y. Penal Law. § 125.25(3). (Nov. 12, 2008 Minutes of Plea ("Plea Tr.") at 11-12.) At that time, petitioner admitted that during the course of a robbery on the evening of December 24, 2007, he caused the death of Kareem James by shooting James using the loaded handgun he had brought with him. (*Id.* at 8-12.) As part of his plea agreement, the court promised petitioner that it would sentence him to an indeterminate term of imprisonment of eighteen years to life. (*Id.* at 2-3.)

Before entering his guilty plea, petitioner stated on the record that he was pleading guilty to the charge after he had sufficiently discussed the matter with his attorney; petitioner also stated that he was satisfied with his representation. (*Id*. at 5.) Additionally, petitioner stated that no promises other than those recited on the record had been made to him. (*Id.* at 7.) Petitioner voluntarily waived his right to appeal after stating that he understood that the District Attorney required him to waive that right as a condition of his plea agreement. (*Id.* at 8.) Lastly, the court advised Thornton of his other rights, which he agreed to waive as well. (*Id*. at 5-7.)

Defense counsel also noted for the record that, although he had only recently replaced petitioner's previous attorney, he had two extended conversations with petitioner in which he discussed the possible defenses at trial. (*Id.* at 3.) Counsel advised the court that, after these conversations, petitioner had decided to enter a guilty plea. (*Id.* at 3-4.)

On December 17, 2008, petitioner was sentenced, in accordance with his plea agreement, to an indeterminate term of incarceration of eighteen years to life. (Dec. 17, 2008 Minutes of Sentence ("Sentence Tr.") at 11.)

Petitioner filed a motion to vacate his conviction on April 4, 2011. Petitioner argued that: (1) his trial counsel was ineffective because he failed to conduct an investigation once he was appointed to the case and relied solely on the work of petitioner's previous attorney; and (2) petitioner's plea was not knowingly, intelligently, and voluntarily made because petitioner's counsel coerced him to plead guilty by advising petitioner that his only option was to plead guilty. (*See* Mem. of L. in Supp. of Def.'s Mot. to Vacate Judgment, No. 211A-2008, Apr. 4, 2011, at 11-27.) On July 12, 2011, the Supreme Court, Suffolk County denied petitioner's motion, stating that petitioner's affidavit was "completely self-serving" and finding his arguments unpersuasive and without merit. *See People v. Thornton*, No. 211A-2008, at 1-2 (Sup. Ct. Suffolk Cnty., July 12, 2011). The Appellate Division denied leave to appeal on December 7, 2011.

On May 4, 2012, petitioner filed the instant application before this Court for a writ of habeas corpus, arguing the same claims as in his motion to vacate the conviction in state court. (Pet. at 9, 14.) On July 24, 2012, respondent filed a memorandum of law in opposition to the petition. Petitioner has not filed a reply memorandum of law or submitted any argument as to why the petition should not be dismissed as untimely. The Court has fully considered all of the parties' submissions in rendering its decision.

## II. DISCUSSION

Respondent seeks to dismiss the instant habeas corpus petition because petitioner failed to file his petition within the applicable statute of limitations provided by 28 U.S.C. §2244(d)(1). Respondent seeks to also dismiss because petitioner's claims are procedurally default and meritless. For the reasons set forth below, this Court concludes that Thornton's petition is untimely under Section 2244(d), and that there is no basis for equitable tolling of the statute of limitations.

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on state prisoners seeking habeas corpus review in federal court. 28 U.S.C. § 2244(d)(1). The statute begins to run from the latest of:

(A) the date on which the [petitioner's] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D). Pursuant to AEDPA, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2). The Second Circuit has held that "[a] state-court application or motion for collateral relief is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999); *see also Carey v. Saffold*, 536 U.S. 214, 217, 220-21 (2002); *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000); *Gant v. Goord*, 430 F. Supp. 2d 135, 138 (W.D.N.Y. 2006).

Pursuant to New York law, "[a] party seeking to appeal from a judgment or a sentence . . . must, within thirty days after imposition of the sentence . . . file with the clerk of the criminal court in which such sentence was imposed . . . a written notice of appeal . . . ." N.Y. C.P.L. § 460.10(1). Therefore, when a defendant fails to appeal a decision to the Appellate Division, the conviction becomes final thirty days after the sentence is imposed. *See Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir. 2002); *Perich v. Mazzuca*, CV-05-2942, 2007 WL 2455136, at *5 (E.D.N.Y. Aug. 23, 2007).

In the instant case, only subsection (A) could be applicable to this habeas petition. As set forth below, the petition is untimely under Section 2244(d)(1)(A).

Pursuant to Section 2244(d)(1)(A), the statute of limitations began to run on the date petitioner's conviction became final. On November 12, 2008, petitioner pled guilty to one count of murder in the second degree, N.Y. Penal Law. § 125.25(3). On December 17, 2008, petitioner was sentenced to an indeterminate term of incarceration of eighteen years to life. Given that petitioner waived his right to appeal as part of his plea agreement, he did not appeal his conviction. Had he not waived this right, his time to appeal would have expired thirty days after his December 17, 2008 sentencing. *See* N.Y. C.P.L. § 460.10(1)(a). Accordingly, petitioner's conviction became final on January 16, 2009, and petitioner's time to file his petition expired on January 15, 2010.

Under AEDPA, the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2); *see Duncan v. Walker*, 533 U.S. 167 (2001). A state collateral proceeding commenced after the one-year limitations period has already expired does not reset the start of the limitations period. *See Smith*, 208 F.3d at 16-17 & 16 n.2. In this case, petitioner's state court motion to vacate does not toll the statute of limitations because it was filed on April 4, 2011, over two years and two months after his conviction became final. This collateral attack, filed so many months after his conviction became final, "does not reset the date from which the one-year statute of limitations begins to run" *Id.* at 17; *see also Bell v. Herbert*, 476 F. Supp. 2d 235, 244 (W.D.N.Y. 2007) ("A state-court collateral attack on a conviction cannot toll an already expired limitations period; nor does a belatedly filed state-court collateral attack serve to start the limitations period running anew.").

Thornton had to file his petition by January 15, 2010 for it to have been timely. Accordingly, because petitioner did not file any petitions in state court until fourteen months after AEDPA's statute of limitations had expired, and did not file this petition until over thirty-nine months after his conviction became final, the Court concludes that the petition is untimely.

### B. Equitable Tolling of the Statute of Limitations

Although the instant petition is untimely, in "rare and exceptional" circumstances, the one-year statute of limitations is subject to equitable tolling. *See Smith*, 208 F.3d at 17 (citation and internal quotation marks omitted); *see also Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000). In order to obtain the benefit of equitable tolling, a petitioner must make two showings: (1) that "extraordinary circumstances prevented him from filing his petition on time"; and (2) that he "acted with reasonable diligence throughout the period he seeks to toll." *Smith*, 208 F.3d at 17 (citation omitted). The petitioner bears the burden to affirmatively show that he is entitled to equitable tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Muller v. Greiner*, 139 F. App'x 344, 345 (2d Cir. 2005).

In the instant case, petitioner has failed to demonstrate any extraordinary circumstances that prevented him from properly filing his habeas corpus petition in a timely fashion. At the time of his plea on November 12, 2008, petitioner knew the alleged facts upon which he relies to challenge both the voluntariness of his plea and trial counsel's representation of him. He

has not provided any evidence that he acted with "reasonable diligence" during the over two-year delay between his conviction and his post-conviction motion or that any "extraordinary circumstances" prevented him from filing this petition or his state court motion to vacate in a timely manner. *C.f. Valverde v. Stinson*, 224 F.3d 129, 133-34 (2d Cir. 2000) (intentional confiscation of prisoner's habeas corpus petition by corrections officer constitutes extraordinary circumstances).

In short, petitioner has not presented any grounds that warrant equitable tolling. Petitioner has also not made a claim of actual innocence. *See Whitley v. Senkowski*, 317 F.3d 223, 225 (2d Cir. 2003) (holding that it was in error to dismiss a petition claiming actual innocence, on statute of limitations grounds, without further analysis).[2] Accordingly, the petition is dismissed as time-barred.

### III. CONCLUSION

For the reasons discussed above, the petition for a writ of habeas corpus is dismissed as time-barred. The Clerk of the Court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: June 25, 2013
Central Islip, NY

\* \* \*

Petitioner represented by John S. Campo, 626 Rxr Plaza, 6th Floor, West Tower, Uniondale, NY 11556. Respondent is represented by, Thomas J. Spota, District Attorney of Suffolk County, by Marcia R. Kucera, 200 Center Drive, Riverhead, NY 11901.

---

[2] Even assuming *arguendo* that petitioner had made a claim of actual innocence, nothing in the record (including the instant petition, petitioner's plea, and the rest of the state court record) suggests that any such claim would have any merit.